IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

IN RE WAYNE FARMS LLC　　　　　　　　CIVIL ACTION NO. 2:07md1872-KS-MTP
FLSA LITIGATION　　　　　　　　　　　　　　　　　　　　　　　　　(ALL CASES)

ORDER APPROVING ATTORNEYS' FEES, ETC.

This cause is before the Court on Motion for Approval of Plaintiffs' Counsels' Fee Application [137], no opposition to same by Defendant Wayne Farms, LLC, (hereafter "Wayne Farms") and the Court after considering same finds as follows, to-wit:

The Plaintiffs and Defendants have sought final approval of the settlement of this litigation brought on behalf of the employees at poultry processing plants of Wayne Farms in Mississippi, Alabama, North Carolina, Arkansas and Georgia. The genesis of this litigation is the claim that Wayne Farms has not properly paid its employees for the time spent donning and doffing protective gear and equipment and walking to and from work stations.

This litigation has continued for over two years. After rigorous discovery, motion practice and negotiations, Wayne Farms has agreed to pay $1,375,000.00 for the benefit of the former and current employees in the Plaintiffs' class and said amount includes all attorneys' fees, litigation costs, and the costs related to notice and settlement administration. The Plaintiffs have agreed to accept said amount and the Court has approved the settlement whereby the remaining Plaintiffs would be paid $300,000.00, which would be divided according to a specific formula. Since the Order Approving the Settlement was approved an additional 723 parties have opted in to participate in the settlement corpus. The procedure for opting in and notice to

1

potential opt ins was part of the original settlement agreement [139][141]. The original Order Granting Preliminary Approval of Terms of Settlement [138] found that there were 1,336 original Plaintiffs remaining out of an initial 2,416 Plaintiffs; 1,080 Plaintiffs have been dismissed for various reasons through the litigation process.

Prior to the approval of the settlement as outlined above [138], the Plaintiffs and Defendant had been put on notice and were given opportunity to object to the motion which set forth the requested attorneys' fees. A hearing was held June 16, 2009, and no objection was voiced by the Plaintiffs to the settlement agreement or attorneys' fees to be paid.

On July 24, 2009, a separate Motion for Approval of Plaintiffs' Counsels' Fees [137] was filed, which attached as an exhibit itemizations of the time and expenses and affidavits as to the correctness of same.

## THE DETERMINATION OF REASONABLE ATTORNEYS' FEES

As part of its fairness determination, this Court must also determine that the proposed attorneys' fees are reasonable. *Strong v. BellSouth Telecomms, Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In its application Plaintiffs' attorneys seek approval for an award of one million dollars as attorneys' fees, plus $75,000.00 in costs. The corpus that goes to the 2,059 remaining and opt in Plaintiffs is $300,000.00. This Court is aware that there is a formula for paying said amounts to the remaining Plaintiffs and same is not to be paid out pro-rata, but the settlement amount of $145.70 per claimant would be provided for if the corpus of the settlement was to be divided by the number of Plaintiffs.

Plaintiffs' counsel do not ask that the Court award the amounts listed on the attachments to the motions for approval of Plaintiffs' counsels fees, but allege in this current motion that the

potential opt ins was part of the original settlement agreement [139][141]. The original Order Granting Preliminary Approval of Terms of Settlement [138] found that there were 1,336 original Plaintiffs remaining out of an initial 2,416 Plaintiffs; 1,080 Plaintiffs have been dismissed for various reasons through the litigation process.

Prior to the approval of the settlement as outlined above [138], the Plaintiffs and Defendant had been put on notice and were given opportunity to object to the motion which set forth the requested attorneys' fees. A hearing was held June 16, 2009, and no objection was voiced by the Plaintiffs to the settlement agreement or attorneys' fees to be paid.

On July 24, 2009, a separate Motion for Approval of Plaintiffs' Counsels' Fees [137] was filed, which attached as an exhibit itemizations of the time and expenses and affidavits as to the correctness of same.

## THE DETERMINATION OF REASONABLE ATTORNEYS' FEES

As part of its fairness determination, this Court must also determine that the proposed attorneys' fees are reasonable. *Strong v. BellSouth Telecomms, Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In its application Plaintiffs' attorneys seek approval for an award of one million dollars as attorneys' fees, plus $75,000.00 in costs. The corpus that goes to the 2,059 remaining and opt in Plaintiffs is $300,000.00. This Court is aware that there is a formula for paying said amounts to the remaining Plaintiffs and same is not to be paid out pro-rata, but the settlement amount of $145.70 per claimant would be provided for if the corpus of the settlement was to be divided by the number of Plaintiffs.

Plaintiffs' counsel do not ask that the Court award the amounts listed on the attachments to the motions for approval of Plaintiffs' counsels fees, but allege in this current motion that the

fees will be divided pursuant to a private fee-sharing agreement. Private fee-sharing agreements have been approved by the Fifth Circuit and, in this case the Court does not have to apportion the figures among Plaintiffs' counsels. *See Longden v. Sunderman*, 979 F.2d 1095, 1101 (5th Cir. 1992).

In this circuit the lodestar method is used to determine the reasonableness of attorneys' fees' in class and FLSA actions. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The mechanics of this method are employed by multiplying the number of hours expended by an appropriate hourly rate. The Court must determine what the appropriate hourly rate is and should take into consideration the prevailing rate for attorneys work in the locality of the litigation. The Court may then decrease or enhance the lodestar based on the relative weights of twelve factors (as amended by subsequent law) set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

The Court finds that Plaintiffs' counsel have provided sufficient proof of their lodestar hours as established by their attachments to document #137. This Court has also previously found $350.00 per hour to be reasonable for partners in this locality and other district courts of this circuit have done likewise. *See Collins v. Sanderson Farms, Inc.,* 568 F. Supp 2d 714. Based on the attorneys' rate of $350.00 per hour and the paralegal rate of $100.00 per hour, the law firms involved have itemized $1,211,316.40 in attorneys' fees and $75,118.64 in litigation costs. The requested amount for attorneys' fees is one million dollars and requested costs reimbursement is $75,000.00 as set forth in the Motion for Approval of Attorneys' Fees. This Court has attempted to reconcile the recap sheet, which is attached to Exhibit A-3 [137-5], and the billings from some of the attorneys are not totaled as to attorney time and paralegal time. The

5,747.6 hours claimed is for total paralegal and attorney time.

## THE JOHNSON FACTORS

This Court is required to apply the *Johnson*[1] factors. These factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

The Court will evaluate the factors as follows: (1) Time and labor required has been stated above and the Court accepts the representations of the attorneys. (2) The legal issues in this case were neither novel nor especially difficult and the attorneys have made claims to be specialists in the field and, therefore, are knowledgeable in this type of litigation. (3) This Court has found that while the attorneys may be skilled, there has been a certain amount of neglect that has been apparent in Plaintiffs' counsels' responses or non-responses to motions etc., that have been filed by the Defendant. There were numerous motions to dismiss throughout the litigation and there were numerous costs attached and ordered and there were occasions when the Court was actually forced to assess sanctions. On at least one occasion the Court was forced to issue a Show Case Order to require Plaintiffs to respond to a motion that the Court believed should have been decided in Plaintiffs' favor. There were occasions when the Court was required to rule on certain motions which should have been confessed, but were neglected by the attorneys.

---

[1]*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

Additionally, many Plaintiffs were listed who could have been removed with some preliminary review. The Plaintiffs' rights were ultimately protected, but much needless work was required by defense counsel and the Court. This Court finds that the skill and diligence used in this case require an adjustment of the attorneys' fees requested. (4) It is obvious that if the attorneys were working on one case they could not be working on another. (5) The customary fee or hourly rate is not so much an issue in this case as it has been accepted by this Court and others in similar litigation. (6) Whether the fee is contingent is no longer a permissible factor. (7) There were no particular time limitations imposed in this case. (8) The amount of the settlement for the claimants was approximately 30% of the attorneys' fees. In most cases the settlement is a number of times the attorneys fees. In the *Collins* case the settlement was three million dollars and the attorneys' fee was $750,000.00, or an approximate 25% fee, when based on a percentage of the recovery. In this case the requested fee is 333% of the recovery. (9) The experience, reputation and the ability of the attorneys have previously been addressed. (10) The case was not undesirable. (11) The nature and length of the professional relationship is not a factor. (12) Awards in similar cases are not as much a factor in this case as in some. This Court is aware of the necessity of the class action vehicle to hold wrongdoers accountable in small damage cases. FLSA cases are a prime example of the use of this procedure to collect small amounts of damages for a large number of plaintiffs when the litigation is too expensive for single plaintiffs to pursue.

After considering all of the above, this Court finds that the attorneys' fees above requested should be reduced by 20%, to a total of $800,000.00.

## COSTS

The costs requested are $75,000.00. Costs incurred have been demonstrated to be $75,118.64. This Court finds that the costs of $75,000.00 should be allowed and were necessarily incurred in the prosecution of this litigation.

## THE REAPPLICATION OF THE $200,000.00 IN ATTORNEYS' FEES

In this case the Defendants have agreed to pay $1,375,000.00 to settle the claims. Apparently, the Defendant has recognized some potential liability and has agreed to compromise the claims. If the Plaintiffs are paid a total of $300,000.00 and the attorneys are paid a total of $875,000.00 in fees and costs, there remains a balance of $200,000.00 to be paid by the Defendant Wayne Farms, LLC. This Court finds that the Defendant should not be allowed to reap a windfall as a result of this Court's reduction of the attorneys fees requested. This Court finds that the $200,000.00 remaining in the settlement should be added to the corpus of the Plaintiffs and the 2,059 Plaintiffs should instead, divide a settlement corpus of $500,000.00, according to the formula established by the settlement documents.

## CONCLUSION

IT IS THEREFORE ORDERED that the Motion for Approval of Plaintiffs' Counsels' Fee be partially granted and partially denied and that Plaintiffs' counsel should be granted a fee from the settlement corpus in the amount of $800,000.00, which is to be divided according to their private fee sharing agreement.

IT IS FURTHER ORDERED that Plaintiffs' counsel should be reimbursed the sum of $75,000.00 in costs from the settlement corpus, and that the balance of $500,000.00 shall be divided among the remaining 2,059 Plaintiffs according to the formula established by the settlement documents.

SO ORDERED AND ADJUDGED on this, the 23rd day of December, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE